By the Court.
 

 The Court of Common Pleas held that, since the rejected ballots each bore seven marks, “all the marks would have to be counted,” too many persons were voted for for council, “the board of elections would not know for whom to count the votes” and the board “would have to throw out such ballots as mutilated”; and that the voter should have exchanged his ballot for another if he did not intend to vote for the candidate opposite whose name the voter made a mark.
 

 The first paragraph of Section 4785-131, General Code (116 Ohio Laws, 69), then provided in part: “If ,a voter soils or defaces a ballot so that it cannot be used, he may successively obtain others, one at a time, not exceeding in all three, upon returning each ballot so soiled or defaced.”
 

 An examination of the disputed ballots discloses that none was soiled or defaced so as to have required the elector to obtain another.
 

 That section, in paragraph numbered nine, provided
 
 *500
 
 further: “No ballot shall be rejected for any technical error which does not make it impossible to determine the voter’s choice.”
 

 The voters’ choices in the present case are manifest and their ballots were rejected for a technical error, contrary to the provisions of paragraph nine,
 
 supra.
 
 See
 
 Whitacre
 
 v.
 
 Waggoner,
 
 133 Ohio St., 409, 413, 14 N. E. (2d), 22.
 

 The judgment of the Court of Common Pleas is reversed and final judgment is entered for the appellant.
 

 Judgment reversed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.